110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Dean ENDRESON, Plaintiff-Appellant,
v.
Samuel A. LEWIS, in his individual and official capacity;
Terry Stewart, Director, Arizona Department of Corrections,
in his individual and official capacity; Audrey Burke, in
her individual and official capacity; Duane Belcher,
Chairman, Arizona Parole Board, in his individual and
official capacity; Arizona Board of Pardons and Paroles,
Agency in their individual and official capacities; Donna
Zuniga, in her individual and official capacity; George
Herman, Warden, Arizona State Prison Complex-Winslow, in his
individual and official capacity; Dennis Harkins, Deputy
Warden, in his individual and official capacity; CCS Lopez,
in his individual and official capacity; Asst Dep Warden
Miller, in her/his individual and official capacity;
Arizona Department of Corrections, Agency of the State, real
party of interest; CCS II Shillery, Class Phx Office; John
Kohl, Asst Director Phx; Dan Blocker, Classification;
Brown; Tom Freestone; Stan Turley, Defendants-Appellees.
 No. 96-16164.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Dean Endreson, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action alleging claims of unfair reclassification and inappropriate parole board proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's sua sponte dismissal for abuse of discretion, see Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995), and we affirm.
 
 
 3
 We agree with the district court that Endreson's claim regarding his reclassification from minimum to medium security did not have an arguable basis in law because Endreson failed to allege that the reclassification constituted an atypical, significant deprivation. See Sandin v. Conner, 115 S.Ct. 2293, 2300-02 (1995). We also agree with the district court that Endreson must exhaust his state remedies before bringing his parole eligibility claim in a habeas petition before a federal court. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982). To the extent that Endreson seeks declaratory and injunctive relief for violations of consent decrees, we conclude that Endreson's claim lacks an arguable basis in fact. See Cato, 70 F.3d at 1106.
 
 
 4
 We deny Endreson's motion to file supplemental excerpts of record.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3